Phillip Allen TULL, Appellant,

v.

Karen Gerhard TULL, Appellee.

No. 05-04-00432-CV.

Court of Appeals of Texas, Dallas.

March 14, 2005.

James F. Newth, Dallas, for Appellant.

Wesley C. Johnson, Law Office of Wesley C. Johnson, LLP, Dallas, for Appellee.

Before Justices WRIGHT, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Phillip Allen Tull (Phillip) appeals from an order modifying a final decree of divorce and awarding attorney's fees to appellee Karen Gerhard Tull (Karen).[1] In three issues, Phillip contends that the trial court erred in awarding attorney's fees because there was no evidence that (1) Karen employed the attorney to represent her, (2) the attorney's fees were reasonable or necessary, or (3) the attorney rendered any service to obtain an equitable division of the estate of the parties. We affirm the trial court's order.

## BACKGROUND

In 1999, Karen filed for divorce from Phillip. The trial court granted the divorce and appointed Phillip and Karen joint managing conservators of their two daughters. The court granted Phillip the right to establish the primary residence of the children and ordered Karen to pay child support. Karen filed a motion to modify the divorce decree ("First Amended Motion") in 2003, after the children came to live with Karen and her new husband. She requested primary possession of the children and the exclusive right to determine their residence, modification of child support payments, and attorney's fees and expenses. The case was tried before the court, which entered an order granting her $3,212.00 in attorney's fees along with other relief.

## ATTORNEY'S FEES

■ In his first two issues, Phillip contends the trial court erred in awarding

attorney's fees because there was no evidence that Karen employed attorney Wesley C. Johnson or that Johnson's fees were reasonable or necessary. Texas Family Code section 106.002 provides that a "court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney" in a suit affecting the parent-child relationship. TEX. FAM.CODE ANN. § 106.002(a) (Vernon Supp.2004–05). The reasonableness of attorney's fees is a question of fact to be determined by the trier of fact and must be supported by competent evidence. *Reyna v. Reyna,* 584 S.W.2d 926, 927 (Tex. Civ.App.-Houston [14th Dist.] 1979, no writ). The trial court has broad discretion in deciding the award of attorney's fees under section 106.002. *Bruni v. Bruni,* 924 S.W.2d 366, 368 (Tex.1996). There is no abuse of discretion where an award of attorney's fees is supported by the evidence. *London v. London,* 94 S.W.3d 139, 146 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

At the conclusion of the trial, Johnson testified that he was a licensed attorney, that he was familiar with the charges for a family law practitioner in the area, and that based on his education $165.00 per hour was a reasonable rate. He stated that he worked approximately 19.15 hours on the case prior to and during trial. He also testified that his legal assistant had 25 years of legal experience and had 10 years' "familiarity in family law matters." He testified that she worked on the case for 1.3 hours and that a reasonable rate for her time, based on his knowledge of legal fees for paralegals and legal assistants in the Dallas area, was $75.00 per hour. He

1. After divorcing Phillip, Karen remarried and changed her name to Karen Gerhard Rust.

stated that he paid an $8.00 filing fee and $50.00 for service of process. Additionally, he offered and the court admitted without objection exhibit one, which was described as a typewritten record documenting the time he worked on the case. Phillip's attorney did not cross examine Johnson or offer rebuttal on the subject of attorney's fees.

■ At the outset we note that Exhibit One was not included in the record on appeal. A party who properly designates certain portions of the reporter's record may appeal without a complete record, and the appellate court must presume the incomplete record is complete for purposes of the appeal. Tex.R.App. P. 34.6(c)(4); *$4,310 In U.S. Currency and 1993 Pontiac Auto. Vin: '1GNW543PC723734 v. State*, 133 S.W.3d 828, 829 (Tex.App.-Dallas 2004, no pet.); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex.App.-Houston [14th Dist.] 2000, writ denied). However, strict compliance with rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant. *$4,310 In U.S. Currency and 1993 Pontiac Auto. Vin: '1GNW543PC723734*, 133 S.W.3d at 829. Because Phillip did not file a complete record on appeal or comply with the provisions of rule 34.6 regarding a partial reporter's record, we presume the omitted exhibit supports the trial court's award of attorneys fees. *See $4,310 In U.S. Currency and 1993 Pontiac Auto. Vin: '1GNW543PC723734*, 133 S.W.3d at 829–30; *Sandoval*, 25 S.W.3d at 722.

Additionally, Johnson's uncontradicted testimony served as evidence on the reasonableness of his attorney's fees. *See In re H.S.N.*, 69 S.W.3d 829 (Tex.App.-Corpus Christi 2002, no pet.) (finding trial court did not abuse its discretion in awarding $950 in attorney's fees where attorney testified that $950 was a reasonable and necessary fee for the services performed); *Coke v. Coke*, 802 S.W.2d 270, 278 (Tex. App.-Dallas 1990, writ denied) (finding that under the record of the case, trial court did not abuse its discretion by awarding attorney's fees based on the uncontradicted testimony of attorney); *Cohen v. Sims*, 830 S.W.2d 285, 290 (Tex. App.-Houston [14th Dist.] 1992, writ denied) (finding trial court did not abuse discretion in awarding attorney's fees where attorney testified as to usual and customary fees, hours expended, and hourly rate); *Peeples v. Peeples*, 562 S.W.2d 503, 506 (Tex.App.-San Antonio 1978, no writ) (finding trial court did not abuse its discretion in awarding attorney's fees in light of the record and attorney's testimony about customary charges in the area, hours worked, and his charges).[2] We overrule Phillip's first and second issues.

In his third issue, Phillip contends that the trial court erred in granting attorney's fees because there was no evidence that Johnson rendered any service to obtain an equitable division of the estate of the parties. Phillip's apparent argument is that the trial court abused its discretion by granting attorney's fees to Karen because her pleadings requested attorney's fees for services related to an equitable division of the estate of the parties, rather than to the modification of possession and support

---

**2.** Appellant complains that although Johnson described $165 as a reasonable rate for family law practitioners with his education in the area, he did not use the word "reasonable" in reference to his actual attorney's fees. However, this failure goes to the weight of the evidence, and does not preclude an award of attorney's fees. *Cf. Smith v. Smith*, 757 S.W.2d 422, 426–27 (Tex.App.-Dallas 1988, writ denied) (holding that attorney's failure to state that his fees were "reasonable" did not render evidence insufficient to support attorney's fees in action under Deceptive Trade Practices Act).

payments, which was the subject of the trial.

 In order to be entitled to a discretionary award of attorney's fees in a child support case, a party must file with the court an affirmative pleading requesting them unless the issue is waived or tried by consent. *Farish v. Farish,* 921 S.W.2d 538, 546 (Tex.App.-Beaumont 1996, no writ). Pleadings are to be liberally construed in favor of the pleader, particularly when the complaining party has not filed any special exceptions. *Lohmann v. Lohmann,* 62 S.W.3d 875, 880–81 (Tex. App.-El Paso 2001, no pet.). The purpose of the pleading is to give notice of the claim involved. *In re Pecht,* 874 S.W.2d 797, 804 (Tex.App.-Texarkana 1994, no writ). A general request for attorney's fees in the prayer of the pleading is itself sufficient to authorize the award of attorney's fees. *See Morgan v. Morgan,* 657 S.W.2d 484, 491 (Tex.App.-Houston [1st Dist.] 1983, writ dism'd) (attorney's fees award affirmed where pleading specifically requested award of attorney's fees for previous attorney and prayer included general request for attorney's fees).

In her First Amended Motion, Karen stated that "[t]o effect an equitable division of the estate of the parties and as a part of the division, judgement [sic] for attorney's fees and expenses through trial and appeal should be granted against [Phillip] and in favor of [Karen] for the use and benefit of [Karen's] attorney...." But in the prayer, she requested "attorney's fees cost [sic] associated with this proceeding, and for general relief." As a result, Karen's pleadings fairly contemplated recovery of attorney's fees for her representation regarding child support and possession issues. We overrule Phillip's third issue.

**CONCLUSION**

Having resolved all issues against Phillip, we affirm the trial court's order.