Affirmed and Memorandum Opinion filed November 10, 2005









Affirmed and Memorandum Opinion filed November 10, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01308-CV

_______________

 

 

IN THE INTEREST OF A. M. K.



 



 

On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause No. 95‑45441



 



 

 

M E M O R A N D U M   O
P I N I O N








Appellant, Andrew C. Kyle, IV, and appellee, Lori Gober, were
previously appointed joint managing conservators of their child.  Appellant was ordered to pay child support
and maintain medical insurance for the child or pay appellee to maintain the
insurance.  Appellee subsequently filed a
motion to modify child support and a request for enforcement seeking child
support arrearages and medical insurance arrearages.  Following a bench trial, the trial court
increased the child support, entered judgment for child support arrearages and
medical insurance arrearages, and ordered appellant to pay appellee=s attorney=s fees.  In his original brief, appellant contends the
trial court erred by (1) failing to file findings of fact, (2) increasing child
support, (3) entering judgment for child support arrearages and medical
insurance arrearages, (4) ordering appellant to pay attorney=s fees, (5) admitting evidence, and
(6) considering a misrepresentation by appellee=s counsel.  Appellant has also filed a supplemental brief
contending (1) he has discovered new evidence showing appellee filed false
information in the trial court, and (2) the trial court had no authority to
consider appellee=s request for enforcement.[1]  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

Incomplete Reporter=s Record 

As a preliminary matter, the reporter=s record is incomplete because it
does not include the exhibits admitted at trial.  If an appellant requests a partial reporter=s record, he must include in the
request a statement of the issues to be presented on appeal and will then be
limited to those issues.  Tex. R. App. P. 34.6(c)(1).  If the appellant complies with Rule
34.6(c)(1), we must Apresume that the partial reporter=s record designated by the parties
constitutes the entire record for purposes of reviewing the stated points or
issues.@ 
Tex. R. App. P. 34.6(c)(4);
see Mason v. Our Lady Star of the Sea Catholic Church, 154 S.W.3d 816,
819 (Tex. App.CHouston [14th Dist.] 2005, no pet); London
v. London, 94 S.W.3d 139, 143 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  On the other hand, if an
appellant appeals with a partial reporter=s record but fails to comply with
Rule 34.6(c)(1), we must presume that the omitted portions are relevant and
support the trial court=s judgment.  See
Mason, 154 S.W.3d at 819; London, 94 S.W.3d at 143; see also
Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002).








Here, the record indicates appellant did not file any request
for a partial reporter=s record, much less a request that complied with rule
34.6(c)(1).   However, the court reporter
has informed us that appellant refused to pay for exhibits to be included in
the record.  Therefore, he effectively
appeals with an incomplete record but has not complied with rule 34.6(c)(1).  Consequently, we must presume that the
missing exhibits are relevant and support the trial court=s judgment.  See Mason, 154 S.W.3d at 819; London,
94 S.W.3d at 143. We will consider appellant=s issues encumbered with this presumption.

Findings of Fact 

In his first issue, appellant complains that the trial court
did not make findings of fact pursuant to section 154.130(a)(3) of the Texas
Family Code.  Section 154.130(a)(3)
requires a trial court to make findings if the amount of child support ordered
varies from the amount computed by applying the percentage guidelines.  Tex.
Fam. Code Ann. ' 154.130(a)(3) (Vernon 2002). 
Here, the record reflects the trial court did apply the percentage guidelines.  The trial court made an oral finding that
appellant is intentionally underemployed and, thus, determined appellant=s earning potential.  See Tex.
Fam. Code Ann. ' 154.066 (Vernon 2002). 
The trial court then subtracted taxes and the cost of the child=s medical insurance to determine
appellant=s net monthly resources.  See Tex.
Fam. Code Ann. ' 154.062 (Vernon 2002). 
The court then found that appellant supports one other child and, thus,
applied the percentage guidelines for computing support for children in more
than one household.  See Tex. Fam. Code Ann. ' 154.129 (Vernon 2002).  Consequently, because the trial court applied
the percentage guidelines, it was not required to make findings pursuant to
section 154.130(a)(3).[2]  We overrule appellant=s first issue.








Increased Child Support

In his second issue, appellant contends the trial court erred
by increasing his child support obligation. 
We review a trial court=s order modifying child support for abuse of discretion.  In re D.S., 76 S.W.3d 512, 516 (Tex.
App.CHouston [14th Dist.] 2002, no
pet.).  The test for abuse of discretion
is whether the court acted arbitrarily or unreasonably without reference to
guiding rules and principles.  Id.  Legal and factually sufficiency are not
independent grounds of error; rather, they are relevant factors in assessing
whether a trial court abused its discretion. 
Newberry v. Bohn‑Newberry, 146 S.W.3d 233, 235 (Tex. App.CHouston [14th Dist.] 2004, no
pet.).  A trial court does not abuse its
discretion where some evidence of probative and substantive character supports
its order.  Id.  

            A
court may modify a child support order Aif the circumstances of the child or
a person affected by the order have materially and substantially changed since
the . . . date of the order=s rendition.@  See Tex. Fam. Code Ann. ' 156.401(a)(1) (Vernon Supp. 2005).
Here, the trial court found that there had been a Asubstantial and material change in
the circumstances@ of appellant, appellee, and/or the child since entry of the
original order.  Appellant challenges
this finding arguing there is no evidence of the parties= financial circumstances at the time
of the original order.  However, because
appellant presents an incomplete reporter=s record, we must presume that the
omitted evidence supports the trial court=s finding.  See Mason, 154 S.W.3d at 819; London,
94 S.W.3d at 143.  Accordingly, we
overrule appellant=s second issue.

Arrearages








In his third issue, appellant contends the trial court erred
by entering judgment for child support arrearages and medical insurance
arrearages.  We review a trial court=s confirmation of arrearages for
abuse of discretion.  See Beck
v. Walker, 154 S.W.3d 895, 901 (Tex. App.CDallas 2005, no pet.); Attorney
Gen. of Tex. v. Stevens, 84 S.W.3d 720, 722 (Tex. App.CHouston [1st Dist.] 2002, no pet.).

First, appellant argues there is insufficient evidence to
support the trial court=s calculation of $4,000 in child support arrearages.  According to appellant, appellee offered one
or more exhibits prepared by the Texas Attorney General=s office to prove the amount of
arrearages.  Appellant claims the amount
reflected on the exhibit(s) was incorrect and did not reflect all of his past
payments because a page was missing, the exhibit(s) contained clerical errors,
some payments were credited to the wrong account, and some payments were not
even credited.  Because the exhibit(s)
are not included in the reporter=s record, we cannot determine whether
appellant=s complaints are meritorious.  Instead, we must presume that the exhibit(s)
and other omitted evidence support the trial court=s calculation of arrearages.  See Mason, 154 S.W.3d at 819; London,
94 S.W.3d at 143.

            Next,
appellant asserts there is insufficient evidence to support the judgment for
$2,595 in medical insurance arrearages because appellee did not give appellant
monthly notice of her request for medical insurance reimbursement as required
by the original order, and the amount of the award is incorrect.  Again, we must presume the omitted evidence
supports the trial court=s finding that appellee was entitled to medical insurance
arrearages and the trial court=s calculation of the amount of arrearages.  See Mason, 154 S.W.3d at 819; London,
94 S.W.3d at 143.








Finally, we note that at trial, appellant agreed to the
amounts for child support and medical insurance arrearages which he now
challenges.  Nevertheless, appellant
contends he was forced to agree to the amounts because the trial court improperly
Arushed@ the trial.  In particular, appellant asserts that the
trial court determined arrearages without waiting for an Attorney General
representative, who would have confirmed additional child support payments, to
return from lunch.[3]  Appellant also asserts that the trial court
did not allow appellant an opportunity to call appellee as a witness before
determining arrearages.  Therefore,
appellant apparently raises additional complaints that the manner in which the
trial court conducted the trial resulted in an incorrect calculation of
arrearages, and the trial court excluded testimony.  

However, the record reflects that the trial court heard
testimony from the only two witnesses offeredCappellant and his wife.  Then, the trial court held a discussion with
both counsel during which appellant=s counsel agreed to the amounts of
arrearages.[4]  Appellant did not object to the trial court=s determining arrearages at that
time, did not request additional time to call an Attorney General
representative or appellee as witnesses, and did not otherwise object to the
manner in which the trial court conducted the trial. Accordingly, he has waived
these complaints.  See Tex. R. Civ. P. 33.1(a).  We overrule appellant=s third issue.

Attorney=s Fees

In his fourth issue, appellant argues that the trial court
erred by ordering him to pay $5,625 in attorney=s fees.  We review an award of attorney=s fees in the nature of child support
for abuse of discretion.  See Hardin
v. Hardin, 161 S.W.3d 14, 24B25 (Tex. App.CHouston [14th Dist.] 2004, no pet.).








First, appellant contends attorneys= fees may not be awarded when a party
prevails on a motion to modify.  Although
appellee=s pleading was entitled AMotion to Modify,@ she included a request for
enforcement of arrearages.  Irrespective
of the title of the pleading, the trial court awarded attorneys= fees with respect to appellee=s request for enforcement.  The Family Code provides that a trial court Ashall@ order a respondent to pay the movant=s reasonable attorney=s fees if it finds the respondent has
failed to make child support payments, although the trial court may waive this
requirement for Agood cause.@  Tex. Fam. Code Ann. ' 157.167 (Vernon Supp. 2005).  Accordingly, the trial court did not abuse
its discretion by awarding attorney=s fees.[5]

Appellant also suggests there is insufficient evidence to
prove the reasonableness of attorney=s fees.  The reasonableness of attorney=s fees is a question of fact to be
determined by the trier of fact and must be supported by competent
evidence.  Tull v. Tull, 159
S.W.3d 758, 760 (Tex. App.CDallas 2005, no pet.). 
There is no abuse of discretion where an award of attorney=s fees is supported by the
evidence.  Id.  Appellant contends that appellee=s counsel did not offer an affidavit
or his own testimony to prove the fees were reasonable and a Ashorthand rendition@ admitted to prove attorney=s fees was illegible.  The record reflects that the trial court did
admit a Ashorthand rendition@ of attorney=s fees.  However, because the Ashorthand rendition@ is not included in the reporter=s record, we cannot determine whether
it was legible or whether it proves the reasonableness of the attorney=s fees.  Instead, we must presume the Ashorthand rendition@ and other omitted exhibits support
the attorney=s fees award.  See id. at 761 (presuming
exhibit introduced to prove attorney=s time on child support/custody case
supported award of attorney=s fees because document was omitted from  appellate record and opposing party did not
follow rules for submitting incomplete record); see also Mason, 154
S.W.3d at 819; London, 94 S.W.3d at 143.








In addition, appellant complains that he was denied an
opportunity to cross-examine appellee=s counsel regarding the Ashorthand rendition.@ 
However, the record reflects that appellee=s counsel was effectively
cross-examined on the only subject requested by appellant. The trial court
specifically inquired regarding appellant=s reasons for cross-examination of appellee=s counsel.  Appellant=s counsel responded that he wanted to
ask whether the fees were incurred to persuade appellant to voluntarily
terminate his parental rights.[6]  The trial court asked appellee=s counsel for his answer, and
appellee=s counsel denied the allegation.  At that point, appellant=s counsel made no further request to
cross-examine appellee=s counsel and no objection to the trial court=s determining attorney=s fees without further
cross-examination.  Therefore, appellant
has waived his complaint.  See Tex. R. Civ. P. 33.1(a).  We overrule appellant=s fourth issue.

Admission of Evidence

In his fifth issue, appellant argues his due process rights
were violated by the trial court=s admission of a credit application
and pictures of appellant=s house and boat because appellee did not produce them in
response to discovery requests, and the pictures were prejudicial.  Assuming these exhibits were admitted,
appellant cites no reference in the record where he objected to their
admission.  Accordingly, he has waived
his complaint.  See Tex. R. Civ. P. 33.1(a).  We overrule appellant=s fifth issue.

Misrepresentation by Appellee=s Counsel








In his sixth issue, appellant contends appellee=s counsel made a misrepresentation
regarding a deduction on appellant=s tax return and the trial court
considered the misrepresentation when determining the amount of child
support.  However, the alleged
misrepresentation was merely argument, and argument of counsel is not evidence.
 See Kern v. Gleason, 840
S.W.2d 730, 734 (Tex. App.CAmarillo 1992, orig. proceeding).  Thus, appellant has not shown the trial court
abused its discretion with respect to the alleged misrepresentation.  We overrule appellant=s sixth issue.

Supplemental Issues

Appellant has filed a supplemental letter brief asserting
four issues.  His second and third
supplemental issues are actually further argument on his original issues
pertaining to child support arrearages and the trial court=s allegedly rushing the trial.  Because we have addressed these arguments, we
overrule his second and third supplemental issues.

However, appellant makes new arguments in his first and
fourth supplemental issues.[7]  In his first supplemental issue, appellant
suggests he has discovered new evidence showing appellee filed a false AFamily Income Worksheet,@ her income is higher than reflected
on the worksheet, and her higher income was relevant to the child support
determination.  However, appellant did
not preserve error by bringing the newly discovered evidence to the trial court=s attention in his motion for new
trial.  See Tex. R. Civ. P. 324(b)(1) (providing
that party must file motion for new trial to preserve complaint regarding newly
discovered evidence).  Accordingly, we
overrule his first supplemental issue.








Finally, in his fourth supplemental issue, appellant contends
the trial court had no authority to rule on appellee=s request for enforcement because her
pleading was a motion to modify.@[8] 
Again, although appellee=s pleading was entitled AMotion to Modify,@ she included a request for
enforcement of arrearages.  We look to
the substance, not merely the title, of a pleading to determine its nature  In re J.N.F., 116 S.W.3d 426, 433 (Tex.
App.CHouston [14th Dist.] 2003, no pet.)
(citing State Bar of Tex. v. Heard, 603 S.W.2d 829, 833 (Tex.
1980)).  Consequently, because appellant
pleaded for enforcement of child support arrearages, the trial court had
authority to consider her request.  We
overrule appellant=s fourth supplemental issue.

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed November 10, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

 

 











[1]  The trial
court also ordered appellant to pay arrearages for the child=s uninsured medical expenses, but he does not appeal
that ruling.





[2]  In his reply
brief on this issue, appellant argues he was not intentionally underemployed
and his income was less than the earning potential found by the trial
court.  However, this argument is
actually a separate challenge to the trial court=s
calculation of his resources, rather than an argument that the trial court
failed to apply the percentage guidelines to his resources.  Nonetheless, without a complete reporter=s record, we must presume the omitted evidence
supports the trial court=s finding regarding appellant=s intentional underemployment and earning
potential.  See Mason, 154 S.W.3d
at 819; London, 94 S.W.3d at 143.





[3]  Appellant
makes a different assertion in his supplemental brief.  He suggests that because the trial court
rushed the trial, court personnel had to find an Attorney General representative,
but the representative was unfamiliar with the case and had incomplete
information regarding appellant=s payments.  In
any event, he asserts the trial court determined arrearages without complete
information from the Attorney General.





[4]  During the
discussion, the primary disputed issue was modification of child support.





[5]  We note there
has been disagreement among appellate courts on whether attorney=s fees may be awarded in a suit for modification.  See Hardin, 161 S.W.3d at 25B27.  However, we
recently held that attorney=s fees may be awarded in a suit for
modification.  See id.  Regardless, here, the attorney=s fees were ordered with respect to enforcement of
arrearages.





[6]  At trial,
appellant suggested appellee filed her motion to persuade appellant to
voluntarily terminate his parental rights so the child could be adopted by her
stepfather. 





[7]  We have discretion
whether to consider new issues raised in a supplemental brief.  See Tex.
R. App. P. 38.7; Standard Fruit and Vegetable Co., Inc. v. Johnson,
985 S.W.2d 62, 65 (Tex. 1998).  Because
we can easily dispose of appellant=s new
issues, we will consider them.





[8]  This issue is
different than his original complaint that the trial court could not order
attorney=s fees because appellee=s
pleading was a motion to modify. 
Appellant now suggests the trial court had no authority to consider
appellee=s request for enforcement at all because the pleading
was a motion to modify.