**AFFIRM; and Opinion Filed December 29, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00194-CV

**REBECCA SUE PEARCY, Appellant**
**V.**
**CLAUDE MELVIN BREWER, Appellee**

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 81757**

## MEMORANDUM OPINION

Before Justices Fillmore, Brown, and Richter[1]
Opinion by Justice Brown

Following a jury trial, appellant Rebecca Sue Pearcy has brought this appeal on a partial

reporter's record. Appellee Claude Melvin Brewer sued Pearcy for fraud, among other things.

The jury found that Pearcy committed fraud against Brewer, and the trial court rendered

judgment in accordance with the verdict. In her appellant's brief, Pearcy raised the single issue

included in her request for the partial record; she asserts that Brewer's fraud claim was barred by

the statute of limitations. In a reply brief, Pearcy raised a new issue, one that she maintains is

fundamental error. For reasons that follow, we affirm the trial court's judgment.

---

[1] The Hon. Martin Richter, Justice, Assigned.

## BACKGROUND

Brewer filed his original petition in this suit on March 31, 2015. He sued Pearcy for divorce, alleging that they had an informal marriage. Brewer also alleged that Pearcy committed various forms of fraud regarding his transfer of real property to her. Brewer asserted that after he and Pearcy married, he became concerned about the effect a former spouse's debts would have on his separate property. According to Brewer, he and Pearcy agreed that Brewer would transfer ownership of certain land to Pearcy and Pearcy promised to transfer the property back to him upon request. He attached copies of two warranty deeds, one dated July 27, 2007, and one dated July 29, 2008, transferring certain real property in Hunt County from him to Pearcy. Brewer alleged he relied on Pearcy's representation that she would transfer the property back to him and alleged he would not have deeded it to her without it. When Brewer requested that Pearcy return the property, she refused. Brewer alleged in his petition that he brought his fraud claims within the allowable time after he discovered or reasonably should have discovered the facts giving rise to his claims.

In her answer, Pearcy denied that a marriage existed between her and Brewer. She also pleaded the four-year statute of limitations as an affirmative defense to the fraud claims. Pearcy maintained the discovery rule was inapplicable because the alleged fraud was inherently discoverable within four years of the dates the property was transferred to her.

The case proceeded to a jury trial that lasted several days. Pearcy testified that she met Brewer in 2002, and he started living with her in 2005. In July 2007, Brewer deeded about 65 acres to Pearcy and in July 2008, Brewer deeded about 154 acres to her. According to Pearcy, Brewer did so because she was taking care of him and he could not pay her for the care she provided. Pearcy testified that she and Brewer never talked about her giving the land back to

–2–

him if he asked for it. She never told him she would give the land back, and Brewer never asked for it back.

Brewer testified that he and his first wife Brenda divorced in 2005. The divorce decree assigned various debts to Brenda, and Brewer testified she had other debts not identified in the decree. He was concerned Brenda's creditors would come after him and the land awarded to him as his separate property. Brewer discussed his concerns with Pearcy, and she suggested putting the property in her name. Pearcy promised him she would give the property back anytime he wanted it back. Brewer stated he would not have agreed to put the property in Pearcy's name if she had not agreed to give it back. When their relationship started getting bad, in the early spring of 2013, Brewer brought up Pearcy's returning the land to him. Pearcy told Brewer that the land was hers. According to Brewer, Pearcy was lying if she testified they never had an agreement about her giving the land back to him.

Among other things, the jury found that the parties had an informal marriage as of January 1, 2006, and found that Pearcy committed fraud against Brewer regarding the transfer of title to real property. The jury further found that the date by which Brewer should have discovered Pearcy's fraud was May 31, 2013. Thereafter the trial court rendered an interlocutory decree of divorce. In its final judgment, the trial court incorporated the interlocutory decree. Although the jury made a finding regarding the amount of money that would compensate Brewer for the fraud regarding transfer of the real property, instead of awarding monetary damages, the court granted Brewer's request for the alternative remedy of rescission and declared the deeds in question void.

Pearcy timely filed a notice of appeal and requested a partial reporter's record. Pearcy requested only her testimony, Brewer's testimony, and all exhibits introduced into evidence through the two of them. As required by rule of appellate procedure 34.6(c), her request for the

partial record identified the following issue to be presented on appeal: "Plaintiff's suit for fraud is barred by the four years statute of limitations." *See* TEX. R. APP. P. 34.6(c)(1).

## STATUTE OF LIMITATIONS

In her opening appellate brief, the only issue Pearcy raised was the issue she presented in her request for a partial reporter's record — whether the statute of limitations barred Brewer's recovery for fraud. Pearcy maintains Brewer's fraud claims were time barred and asks us to render judgment that the property in question is her separate property.

A person must bring a suit for fraud no later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West 2002). A cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Fraud prevents the running of the statute of limitations until it is discovered or by the exercise of reasonable diligence might have been discovered. *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 57 (Tex. 2015). Although the date a cause of action accrues is normally a question of law, reasonable diligence is generally an issue of fact. *Id.* at 57–58.

The question of when Brewer should have discovered Pearcy's fraud was submitted to the jury. The jury found that Brewer, in the exercise of reasonable diligence, should have discovered the fraud regarding the transfer of title to the real property on May 31, 2013. Brewer filed his original petition on March 31, 2015, within four years of that date.

Pearcy argues that whether Brewer exercised reasonable diligence was a question of law for the court because reasonable minds could not differ about the date the alleged fraud should have been discovered. Pearcy maintains that, as a matter of law, a reasonably prudent person

–4–

would have discovered the fraud on September 29, 2009,[2] and that Brewer's suit filed more than four years after that date is time barred. In effect, Pearcy is challenging the legal sufficiency of the evidence to support the jury's finding to the contrary. To preserve a challenge to the legal sufficiency of the evidence to support a jury's finding, the appellant must raise the specific complaint in the trial court either by: (1) a motion for directed verdict, (2) an objection to the submission of the jury question, (3) a motion to disregard the finding, (4) a motion for judgment notwithstanding the verdict, or (5) a motion for new trial. *Defterios v. Dallas Bayou Bend, Ltd.*, 350 S.W.3d 659, 664 (Tex. App.—Dallas 2011, pet. denied). There is nothing in the appellate record to indicate Pearcy raised her legal sufficiency complaint in the trial court. Although she did file a motion to disregard jury findings, in her motion, she did not make the specific complaint she makes now. To the extent Pearcy is challenging the factual sufficiency of the evidence to support the jury's finding, she has likewise failed to preserve this error for our review. To preserve a factual sufficiency challenge for appeal, a party must present the specific complaint to the trial court in a motion for new trial. *Id.* Pearcy did not file a motion for new trial.

In her reply brief, Pearcy denies that she is challenging the jury's verdict and maintains that her issue about the statute of limitations is not related to the sufficiency of the evidence. We disagree. The jury made a finding on the discovery rule and Pearcy's argument that a different date should have been used is in essence a challenge to the jury's finding. We note that in the prayer in her appellate brief, Pearcy asks us to disregard the jury's answers to the questions about fraud and the discovery rule. Pearcy has failed to preserve this issue for our review. Accordingly, we overrule this issue.

----

[2] Pearcy arrives at this date by starting with the date Brewer and his first wife Brenda were divorced, September 28, 2005. Next, Pearcy asserts that any suit against Brewer for Brenda's debts had to be filed within four years of their divorce, by September 28, 2009. Pearcy maintains reasonable minds could not differ that a reasonably prudent person would have started asking Pearcy to deed the property back on the following day, September 29, 2009.

## FUNDAMENTAL ERROR

On page fifteen of her reply brief, Pearcy contends for the first time in these proceedings that the parties' oral agreement regarding transfer of the property back to Brewer is invalid as against public policy and asks us to declare the agreement invalid. Ordinarily an issue not raised in the trial court or an issue not assigned as error in a party's opening appellate brief is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Powell v. Knipp*, 479 S.W.3d 394, 408 (Tex. App.—Dallas 2015, pet. denied). Recognizing this, Pearcy maintains this issue is fundamental error that cannot be waived.

The Texas Supreme Court has stated that fundamental error is a discredited doctrine. *See In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003); *Cox v. Johnson*, 638 S.W.2d 867, 868 (Tex. 1982). It survives today only in those rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and constitution of this state. *Cox*, 638 S.W.2d at 868. Public-interest-based fundamental error is rare and is implicated only when the most significant public interests are at stake. *In re J.F.C.*, 96 S.W.3d 256, 292 (Tex. 2002) (Hankinson, J., dissenting).

Pearcy contends this is a case of public-interest-based fundamental error. She maintains the parties' oral agreement directly and adversely affects the public interest underlying the homestead laws found in our State Constitution and statutes. Pearcy asserts the public interest underlying the homestead laws is to have a written, objectively verifiable, and public methodology to protect land from creditors. She argues this public interest is directly and adversely affected by the parties' oral agreement to protect land from creditors for three reasons: (1) it substitutes an oral, unverifiable, and unknown methodology for the homestead laws; (2) it hides assets from creditors and the public; and (3) it distorts the integrity of land records by causing them to inaccurately reflect ownership.

–6–

When, as here, an appellant requests a partial reporter's record, the appellant must include in the request a statement of the issues to be presented on appeal and the appeal is then limited to the issues specified. TEX. R. APP. P. 34.6(c)(1). Any other party may designate additional testimony or exhibits to be included. *Id.* 34.6(c)(2). We must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated issues. *Id.* 34.6(c)(4). Strict compliance with rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant. *Tull v. Tull*, 159 S.W.3d 758, 761 (Tex. App.—Dallas 2005, no pet.). When a party fails to comply with the rule, we presume the omitted portions of the record support the trial court's judgment. *See id.* Pearcy did not raise the issue of the validity of the parties' oral agreement in her request for a partial reporter's record, but contends that because the issue is one of fundamental error, it cannot be waived. We question whether an appellant who brings an appeal on a partial record should be permitted to argue that fundamental error has occurred when the alleged error was not specified pursuant to rule 34.6. Without deciding this issue, we will nevertheless consider Pearcy's argument because she maintains the clerk's record alone shows there was fundamental error.

As stated, Pearcy contends that any oral agreement to transfer the property back to Brewer was invalid because it was contrary to our state's homestead laws. To show fundamental error in the clerk's record, Pearcy relies on Brewer's original petition, her answer, and the deeds transferring the land from Brewer to her. Pearcy argues the language in Brewer's petition describing the oral agreement and her answer generally denying the allegations demonstrate Brewer was claiming an oral agreement regarding the transfer of property that could not be verified. But nothing in these documents implicates the homestead laws. The term "homestead" was not used in Brewer's petition or Pearcy's answer, nor does it appear anywhere in the clerk's record.

Further, Pearcy's argument that the oral agreement was invalid amounts to an avoidance or affirmative defense. *See* TEX. R. CIV. P. 94; *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155–56 (Tex. 2015). Pearcy did not plead this affirmative defense or otherwise make this argument to the trial court. If an avoidance or affirmative defense is not expressly pleaded, the party cannot rely on the defense as a bar to liability. *Zorrilla*, 469 S.W.3d at 155. Essentially, the error of which Pearcy complains is the trial court's failure to sua sponte raise the defense that the oral agreement was invalid because it was against public policy and then decide it in her favor. Under these facts, we cannot conclude the trial court's enforcement of the oral agreement was fundamental error. *See Signal Peak Enters. of Tex., Inc. v. Bettina Invs., Inc.*, 138 S.W.3d 915, 920–21 (Tex. App.—Dallas 2004, pet. struck) (where appellants, who did not plead or raise illegality of lease in trial court, argued that leases adversely affected public interest because they violated constitutional prohibition against gambling, court's enforcement of lease was not fundamental error because illegality did not appear on face of lease and facts showing illegality were not before court). Because Pearcy has not established that there was fundamental error in this case, we overrule the issue raised in her reply brief.

We affirm the trial court's judgment.


/Ada Brown/
ADA BROWN
JUSTICE

160194F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REBECCA SUE PEARCY, Appellant

No. 05-16-00194-CV        V.

CLAUDE MELVIN BREWER, Appellee

On Appeal from the 196th Judicial District Court, Hunt County, Texas
Trial Court Cause No. 81757.
Opinion delivered by Justice Brown, Justices Fillmore and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Claude Melvin Brewer recover his costs of this appeal from appellant Rebecca Sue Pearcy.

Judgment entered this 29th day of December, 2016.