

# Fourth Court of Appeals
## San Antonio, Texas

February 16, 2022

No. 04-20-00347-CV

**IN THE INTEREST OF E.A.C.,** a Child,

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-06011
Honorable Aaron Haas, Judge Presiding

# O R D E R

Sitting:      Luz Elena D. Chapa, Justice
                    Beth Watkins, Justice
                    Liza A. Rodriguez, Justice

This appeal has been submitted on briefs. Carried with this appeal was Appellee Nathan C.'s Motion to Dismiss and/or Affirm the Trial Court's Judgment or Alternatively Require the Appellant to Re-Brief. Nathan C. complains that only a partial reporter's record has been filed in this appeal and that Appellant Claudia O. failed to comply with Texas Rule of Appellate Procedure 34.6(c).

Rule 34.6(c)(1) permits an appellant to request a partial reporter's record if she includes in the request a statement of the points or issues to be presented on appeal. TEX. R. APP. P. 34.6(c)(1). The appeal "will then be limited to those points or issues." *Id*. However, "[a]ny other party may designate additional exhibits and portions of the testimony to be included in the reporter's record." *Id*. 34.6(c)(2). If this process is followed, the appellate court presumes the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated issues. *Id*. 34.6(c)(4). However, strict compliance with rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant. *Tull v. Tull*, 159 S.W.3d 758, 761 (Tex. App.—Dallas 2005, no pet.).

In his motion to dismiss, Nathan C. argues Claudia O. did not comply with Rule 34.6(c)(1) because she did not include in her request for a partial reporter's record a statement of points or issues to be presented on appeal. Thus, he was unable to determine whether a partial reporter's record was sufficient. We agree with Nathan C. that Claudia O. did not comply with Rule 34.6(c) and thus the presumption under rule 34.6(c)(4) does not apply. However, in the interest of justice, we decline to dismiss her appeal and will allow Claudia O. to request the complete reporter's record of the trial court proceedings she believes is necessary to her appeal.

Appellee's motion is GRANTED IN PART AND DENIED IN PART. We ORDER Claudia O. to request on or before **February 28, 2022** the complete reporter's record of the specific trial court proceedings she feels are necessary to her appeal. Failure to file a complete reporter's record will result in a presumption that any omitted portions of the record are relevant and would support the trial court's order. *See Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2005, no pet.). We further ORDER appellant to file a copy of her request for a reporter's record in this court on or before **February 28, 2022**. If appellant fails to comply with this order, this appeal will be submitted to the panel with a partial reporter's record.

We further WITHDRAW the submission date of this appeal. This appeal will be re-submitted on briefs after any reporter's records are filed.

It is so **ORDERED** on this 16th day of February, 2022.

PER CURIAM

ATTESTED TO: _____
MICHAEL A. CRUZ, Clerk of Court