**$4,310 IN U.S. CURRENCY and 1993 Pontiac Automobile Vin: 1GNW543PC723734, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–03–00865–CV.

Court of Appeals of Texas, Dallas.

April 8, 2004.

Rehearing Overruled June 2, 2004.

---

Dennis Williams, Moberly, for appellant.

Craig Stoddart, Asst. Dist. Atty., Rockwall, for appellee.

Before Justices JAMES, WRIGHT, and BRIDGES.

**OPINION**

Opinion by Justice WRIGHT.

Dennis Williams appeals the judgment forfeiting $4310 and a 1993 Pontiac to the State of Texas. In a single point of error, Williams complains the trial court erred by forfeiting his money and automobile. We overrule Williams's point of error and affirm the trial court's judgment.

After Williams failed to appear for the first trial in this case, the trial court entered a judgment. The trial court later set aside that judgment because the record did not show Williams received notice of the trial setting. The trial court held a second bench trial on April 4, 2003, and, again, Williams did not appear. After the State presented its evidence, the trial court entered a judgment of forfeiture. This appeal followed.

Initially, we note that pro se litigants are held to the same standards as licensed attorneys, and they must comply with all applicable rules of procedure. *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex.App.-Texarkana 2002, pet. denied); *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex.App.-Amarillo 2000, no pet.); *Chandler v. Chandler*, 991 S.W.2d 367, 379 (Tex.App.-El Paso 1999, pet. denied); *In re Estate of Dilasky*, 972 S.W.2d 763, 766 (Tex.App.-Corpus Christi 1998, no pet.). No allowance is made because a litigant is not an attorney. *Foster*, 74 S.W.3d at 202. If pro se litigants were held to a lesser standard, they would be given an unfair advantage over litigants represented by counsel. *Id.*

Texas Rule of Appellate Procedure 38 governs the appellant's brief to be filed in this Court. The rule provides that a brief to this Court shall contain, among other things, a concise, nonargumentative statement of facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX.R.APP. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied). Williams's point of error is that the trial court erred by denying his motion for summary judgment. However, our review of the record shows the judgment in this case was entered following a bench trial. Although Williams has cited cases, they are, in many instances, irrelevant to the issue of trial court error or the specific issue of complaint. Further, Williams has not provided any record cites in support of his complaints. Consequently, while we will broadly construe his issues, we will not make arguments for him nor are we required to address on the merits those issues we determine to be inadequately briefed.

Broadly construing Williams's argument under his point of error, it appears he contends the trial court erred by forfeiting the money and automobile because (1) he was an innocent owner; (2) he has not been convicted of a crime; and (3) the evidence is insufficient to support the trial court's judgment. Each of these complaints requires this Court to review the evidence presented in the trial court. However, our record does not contain a reporter's record. Nor does our record show that Williams requested or made arrangements to pay for the reporter's record in this case.

Under the current appellate rules, a party who properly designates certain portions of the reporter's record may appeal without a complete record, and the appellate court must presume the incomplete record is complete for purposes of the appeal. *See* TEX.R.APP. P. 34.6(c)(4). However, strict compliance with rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant. *CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 439–40 (Tex. App.-Fort Worth 1999, no pet.); *see Christiansen v. Prezelski*, 782 S.W.2d 842, 843–44 (Tex.1990) (per curiam) (discussing necessity of strict compliance with former rule 53(d)). Because Williams neither filed a complete record on appeal nor complied

with the partial reporter's record provisions of rule 34.6, we must presume the omitted reporter's record supports the judgment. *See* Tex.R.App. P. 34.6(c)(1), (4); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991) (per curiam); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *CMM Grain Co.*, 991 S.W.2d at 439–40. We overrule Williams's sole point of error.

Accordingly, we affirm the trial court's judgment.