**Affirm and Opinion Filed December 3, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00281-CV**

**AMERICAN PRIDE XPRESS LOGISTICS, INC. AND THOMAS E. FLORES, INDIVIDUALLY, Appellants**
**V.**
**JOE JORDAN TRUCKS, INC., Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-07192**

## MEMORANDUM OPINION ON MOTION FOR REHEARING

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

This Court's opinion of September 24, 2021 is withdrawn and the judgment

is vacated. The following is now the opinion of this Court.

American Pride Xpress Logistics, Inc. and Thomas E. Flores appeal the trial

court's judgment on a jury verdict in favor of Joe Jordan Trucks, Inc. awarding it

damages of $300,000 plus attorney's fees. Appellants bring three issues on appeal

contending the trial court erred by (1) denying appellants' motion to dismiss under

Rule of Civil Procedure 91a, (2) denying appellants' motion for summary judgment,

and (3) denying appellants' motion for directed verdict. We conclude the denials of

appellants' motion to dismiss under Rule 91a and motion for summary judgment are not orders that can be reviewed on appeal from a final judgment following a trial on the merits at which appellee prevailed. On original submission, we also concluded appellants failed to show the trial court erred by denying the motion for directed verdict because they did not bring a complete reporter's record of the trial. Following issuance of the original opinion and judgment, appellants supplemented the record to include the missing testimony. We have reviewed the now-complete reporter's record, and we conclude the trial court did not err by denying the motion for directed verdict. We affirm the trial court's judgment, and we deny appellants' motion for rehearing.

## BACKGROUND

In January 2006, David Varela and two partners purchased property in Dallas. The deed named Varela as the grantee. In May 2006, Varela formed a corporation, Joe Jordan Trucks, Inc., to manage the property. Although the name of the company was "Joe Jordan Trucks, Inc.," Varela testified that he and others in the business office referred to the company as "Joe Jordan, Inc."

On October 18, 2007, "David Varela and/or assigns" leased the property to American Pride Xpress Logistics, Inc., a corporation owned by Thomas Flores, for a term ending October 31, 2011. Varela testified the lease stated the landlord was "David Varela and/or assigns" because he and his partners "had the plan to move the property to the entity," Joe Jordan Trucks, Inc.

American Pride was frequently late in paying the rent, and Varela notified American Pride in 2008 that it was in default and would be evicted if the default was not cured. The parties resolved the issue by amending the lease on January 22, 2009. Under the amended lease, Flores became a guarantor of American Pride's performance of the lease.

Varela testified he assigned the lease to Joe Jordan Trucks, Inc. "by 2009" and before the January 22, 2009 amendment to the lease, but he did not make a written assignment of the lease.[1] However, he instructed his CPA to report income from the property on appellee's income tax return. The CPA testified that the income from the property was reported on appellee's tax return.

Varela testified that in 2010, he intended to deed the property to "Joe Jordan Trucks, Inc.," but he mistakenly instructed his attorney, Lee Cox, to make the grantee in the deed "Joe Jordan, Inc." No such corporation existed at the time. The mistake was not discovered until late 2016 or early 2017.

---

[1] Appellants assert in their motion for rehearing that this assignment violated the statute of frauds. Appellants did not present this assertion in their briefing. The statute of frauds is not jurisdictional. *Kovar v. Seay*, No. 10-19-00273-CV, 2020 WL 7687873, at *3 (Tex. App.—Waco Dec. 22, 2020, pet. denied) (mem. op.). An appellant generally may not raise nonjurisdictional issues for the first time in a motion for rehearing. *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, 612 S.W.3d 489, 496 (Tex. App.—San Antonio 2020, pet. denied); *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 747 (Tex. App.—Dallas 2007, pet. denied) ("The sole purpose of a motion for rehearing is to provide the court an opportunity to correct any errors on issues already presented."). *ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 535 (Tex. App.—El Paso 1994, writ denied) ("Rehearing is not an opportunity to test alternative arguments after finding other arguments unsuccessful."). Accordingly, we do not address that assertion.

Meanwhile, in 2014, Varela learned American Pride was excavating and selling sand mined from the property. Varela demanded that American Pride cease and desist from these activities. When American Pride continued excavating, this lawsuit with "Joe Jordan, Inc." as plaintiff was filed against American Pride and Flores in 2015.

American Pride stopped paying rent after December 2016. On December 14, 2016, Flores formed a corporation called "Joe Jordan, Inc.," and two days later, on December 16, 2016, Flores signed a quitclaim deed purporting to cause "Joe Jordan, Inc." to transfer the property to Flores. Three days later, on December 19, 2016, Flores signed a special warranty deed purporting to convey the property to Frederick Brown, Flores's accountant.

Varela learned in December 2016 or January 2017 that Flores was claiming his accountant owned the property. That was also when Varela learned the 2010 deed misnamed the grantee. Varela signed a correction warranty deed correcting the misnomer on the 2010 deed to show the grantee was "Joe Jordan Trucks, Inc."

Varela amended the 2015 petition repeatedly, changing the plaintiff to "Joe Jordan Trucks, Inc." and alleging causes of action, including breach of contract,

concerning appellants' unauthorized mining of the property and their failure to pay rent.[2]

Flores testified he had been doing business as "Joe Jordan, Inc." since 2008 even though the corporation did not then exist. Flores testified he agreed with Varela and his partners in 2010 to purchase the property by making monthly payments. According to Flores, they agreed that Flores would own the property when his monthly payments totaled $600,000. Varela asked Flores who should be the grantee in the deed, and Flores said "Joe Jordan, Inc." Flores testified he made the last payment in December 2016 and then officially formed the corporation Joe Jordan, Inc. He then transferred the property from Joe Jordan, Inc. to himself and then to Brown as collateral for the use of a piece of equipment Brown owned.

Flores testified he used the property for parking trucks. He said the property had been used previously as an auto salvage yard, and there were pieces of metal in the ground that could damage the trucks. Flores excavated the dirt and sand on one area of the property down to about twenty feet, sifted out the metal, and then filled the hole by combining the removed sand with other materials. He testified this combination of materials, which he compacted, hardened the surface and made it better suited for parking trucks. Flores testified he did not sell the sand he removed.

---

[2] Appellee also brought causes of action concerning appellants' deeding the property from Joe Jordan, Inc. to Flores and from Flores to Brown. Those claims were not part of the motions and orders relevant to this appeal, and they were not submitted to the jury.

In 2017, appellants filed a motion to dismiss appellee's breach of contract claims under Rule 91a, asserting appellee's petition did not allege that appellee was a party to or an assignee of the 2007 lease. The trial court denied that motion. Appellants then filed a motion for summary judgment asserting that because appellee was not a party to the lease, it could not enforce the lease. Appellee amended the petition to allege that after the transfer of the property in 2010, "the lease in question was internally transferred to the corporation, Joe Jordan Trucks, Inc."

In 2019, the case proceeded to a jury trial. After appellee rested its case in chief, appellants moved for a directed verdict on the ground that appellee was never a party to the dispute. The trial court denied the motion for directed verdict. Appellants then presented their case in chief.

The jury found there was a lease between appellee and appellants, that appellants failed to comply with the lease by causing damage to the property and by failing to make rental payments, and that appellee's damages for accrued unpaid rental and for damage to the property were $175,250 and $124,750, respectively. The trial court rendered judgment on the verdict awarding appellee damages of $300,000 plus additional amounts for attorney's fees.

## DENIAL OF PRETRIAL MOTIONS

In their first and second issues, appellants contend the trial court erred by denying appellants' Rule 91a motion to dismiss and motion for summary judgment on appellee's breach of contract claims because it was not a party to the lease.

The trial court's ruling[3] denying the motion for summary judgment is not one we can review. "The denial of a motion for summary judgment when followed by a conventional trial on the merits does not finally decide any issue before the trial court," and the order denying the motion may not be grounds for reversal of a final judgment. *Anderton v. Schindler*, 154 S.W.3d 928, 931 (Tex. App.—Dallas 2005, no pet.); *see also Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 724 (Tex. App.—Dallas 2015, no pet.). We overrule appellants' second issue.

Under Rule 91a, a party may move to dismiss a cause of action on the ground it has no basis in law or fact. TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* In ruling on a Rule 91a motion to dismiss, the trial court may not consider evidence and must decide the motion "solely on the pleading of the cause of action, together with any pleading

---

[3] The record does not contain an order expressly denying appellants' motion for summary judgment. However, the discussion of the motion for directed verdict in the reporter's record includes statements by the trial court and the parties that suggest the trial court denied the motion for summary judgment. Appellee does not assert that appellants failed to obtain a ruling on the motion for summary judgment. Although it is not clear that appellants preserved error for appellate review by obtaining an express or implied ruling on their motion for summary judgment, *see* TEX. R. APP. P. 33.1(a)(2), in the interest of justice, we will presume that the trial court denied the motion for summary judgment.

exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6; *Highland Capital Mgmt., LP v. Looper Reed & McGraw, P.C.*, No. 05-15-00055-CV, 2016 WL 164528, at *4 (Tex. App.—Dallas Jan. 14, 2016, pet. denied) (mem. op.). "We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

When the trial court denies a Rule 91a motion to dismiss and the case proceeds to a trial on the merits at which the plaintiff prevails, the motion to dismiss becomes irrelevant and its denial is moot because the plaintiff "has proved, not merely alleged, facts sufficient to support relief." *Raider Ranch, LP v. Lugano, Ltd.*, 579 S.W.3d 131, 133 (Tex. App.—Amarillo 2019, no pet.) (quoting *Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996) (discussing appealability of denial of FED. R. CIV. P. 12(b)(6) motion to dismiss when the plaintiff prevails in a subsequent trial on the merits)).

That is the situation in this case: appellants filed a Rule 91a motion to dismiss appellee's breach of contract claims, the trial court denied the motion to dismiss, and the case proceeded to a conventional trial on the merits at which appellee prevailed on the breach of contract claims. The jury found "a lease and/or guarantee agreement exist[ed] between" appellee and appellants. The trial court rendered judgment on the verdict for appellee. At that point, the Rule 91a motion to dismiss became

irrelevant and the trial court's denial of the motion became moot because appellee had proved, and not merely alleged, that the breach of contract claims had a basis in law and fact.

We conclude the trial court's denial of appellants' Rule 91a motion to dismiss is moot and is not a ruling we may consider on appeal in this case.[4] We overrule appellants' first issue.

## DENIAL OF MOTION FOR DIRECTED VERDICT

In their third issue, appellants contend the trial court erred by denying their motion for directed verdict. Like the motion for summary judgment and the Rule 91a motion to dismiss, the motion for directed verdict argued appellee lacked standing to assert the breach of contract claims because it was not a party to the lease.

Appellants waived any error from the denial of their motion for directed verdict. Although they moved for a directed verdict after appellee rested, and the trial court denied the motion, they proceeded to present their own evidence and did not re-urge the motion for directed verdict when the evidence closed. "If a party proceeds to present evidence after that party has moved for a directed verdict, such party must reurge the motion for directed verdict at the close of the case, or any error in its denial is waived." *1986 Dodge 150 Pickup Vin No. 1B7FD14T1GS006316 v. State*, 129 S.W.3d 180, 183 (Tex. App.—Texarkana 2004, no pet.); *see Elliott v.*

---

[4] Whether the denial of a Rule 91a motion to dismiss may be considered on appeal when the plaintiff did not prevail at trial is not before us, and we make no holding on that situation.

*Lewis*, No. 05-91-01216-CV, 1994 WL 709333, at *7 (Tex. App.—Dallas Dec. 16, 1994, no pet.) (not designated for publication). Because appellants presented their own case in chief after the trial court denied their motion for directed verdict and did not re-urge their motion for directed verdict at the close of the evidence, they waived the trial court's denial of the motion for directed verdict.

Even if the motion for directed verdict were not waived by appellants' presentation of evidence after the denial of the motion and their failure to re-urge the motion at the close of the case, we must conclude the record does not show the trial court erred in denying the motion. The standard of review for a ruling on a motion for directed verdict is a legal sufficiency or "no evidence" standard of review. *L.G. Ins. Mgmt. Servs., L.P. v. Leick*, 378 S.W.3d 632, 642 (Tex. App.—Dallas 2012, pet. denied). In reviewing the legal sufficiency of the evidence, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* We consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). A directed verdict is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

To establish standing to maintain a breach of contract action, a plaintiff must show either privity or that it is a third-party beneficiary of the contract. *OAIC Commercial Assets, L.L.C v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied). For purposes of standing, privity is established by proving the defendant was a party to an enforceable contract with either the plaintiff or a party who assigned its cause of action to the plaintiff. *Id.*

In this case, the original lease in 2007 was between "David Varela and or Assigns" and American Pride. Varela testified he transferred the lease to appellee "by 2009." On January 22, 2009, the lease was amended. The amendment was "entered into by and between David Varela (as trustee for himself and others) ('Landlord') and American Pride Xpress Logistics, Inc., a Texas corporation ('Tenant'), and is joined by Thomas E. Flores, individually ('Guarantor')." The amendment was signed by Varela on a signature line below the word "Landlord."

Appellants argue that even if Varela assigned the lease to appellee before the amendment of the lease in 2009, the amendment of the lease conclusively established that appellee was not a party to or assigned the amended lease, so appellee lacked standing to bring suit. Appellants assert the evidence conclusively established Varela signed the 2009 amendment in his individual capacity and not on behalf of appellee. We disagree. The evidence does not conclusively establish the capacity in which Varela signed the 2009 amendment. He testified he "signed for the Landlord." "Landlord" was defined in the 2009 amendment as "David Varela

–11–

(as trustee for himself and others)." Thus, there is some evidence that Varela did not sign in his original capacity but as "trustee for himself and others." Who the "others" were is not clear. Varela testified the others may have been his partners. The evidence of the original lease and its assignment and the 2009 amendment's definition of "Landlord" may raise a fact question as to whether appellee owned the lease following the 2009 amendment, but the evidence does not conclusively establish "others" did not include appellee.

Furthermore, Varela's accountant testified that after 2008, appellee held the property and leased it. He testified that "all the business conducted, the lease, collection of rent, and then the payment of expenses such as property taxes, and so forth, handled for [the property], handled through Joe Jordan Trucks, Inc., for each year after 2009 [sic]."[5] This testimony is some evidence that appellee was the landlord for the property after the 2009 amendment. *See Taylor Hous. Auth. v. Shorts*, 549 S.W.3d 865, 869–70 (Tex. App.—Austin 2018, no pet.) (paying property taxes is typical duty of landlord); *Hua Xu v. Lam*, No. 14-13-00730-CV, 2014 WL 579475, at *1 (Tex. App.—Houston [14th Dist.] Nov. 6, 2014, no pet.) (collection of rent is typical duty of landlord).

We conclude the trial court did not err by denying appellants' motion for directed verdict because the record contains more than a scintilla of evidence that

---

[5] The accountant testified that in 2009, appellee received rental income for the property of $95,000.

appellee owned the lease and had standing to bring suit. We overrule appellants' third issue.

## CONCLUSION

We affirm the trial court's judgment.



200281f.p05

/Lana Myers//

LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMERICAN PRIDE EXPRESS
LOGISTICS, INC. and THOMAS E.
FLORES, INDIVIDUALLY,
Appellants

No. 05-20-00281-CV     V.

JOE JORDAN TRUCKS, INC.,
Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-15-07192.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Carlyle
participating.

This Court's judgment of September 24, 2021 is **VACATED**.  The following is now the judgment of this Court:

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JOE JORDAN TRUCKS, INC. recover its costs of this appeal from appellant AMERICAN PRIDE EXPRESS LOGISTICS, INC. and THOMAS E. FLORES, INDIVIDUALLY.

Judgment entered this 3rd day of December, 2021.