**AFFIRMED and Opinion Filed June 5, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00831-CV**

**GREGORY EUGENE NORMAN, Appellant**
**V.**
**BRITTNEY LASHEA NORMAN, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-22-1285**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

Pro se appellant Gregory Eugene Norman appeals an agreed decree of divorce. In two issues, he contends he received ineffective assistance of counsel and that the trial court abused its discretion in dividing the community property. We affirm.

### Background

Appellant (Husband) and Brittney LaShea Norman (Wife) married in March 2019. Husband filed for divorce in October 2022, and Wife filed a counterpetition. The case was set for trial before the court on March 15, 2023. On March 9, Wife filed a pro se motion for continuance, stating she needed time to pay her attorney

and prepare her case. At trial on March 15, Husband was represented by counsel. Wife did not have an attorney.

Husband testified the parties reached an informal settlement agreement regarding the community property and he was going to read the terms into the record. During his testimony about the agreement, Husband told the judge he wanted a trial. At that point, the judge granted Wife's request for a continuance and told her to get an attorney. Husband indicated he settled with Wife to avoid a continuance. She was still living with him in his separate property house. Husband wanted to go forward with the "deal," which required her to move out in three days.

After a break to make sure "everyone [was] on the same page," Husband continued to testify about the parties' agreement. Husband agreed to borrow against the equity in his house to pay Wife $97,000 within 45 days. The sum would be secured by an owelty lien until paid. Husband would keep 100% of his retirement account, which had grown by over $100,000 during the marriage, and an IRA. A car the parties purchased during the marriage would be awarded to Wife, and she would be responsible for the remaining debt on the car. In addition, Husband would pay Wife $4,000 by 5:00 p.m. that day (March 15), and she would vacate his house on March 18. Each party would keep their personal property.

Husband said he wanted to go forward with the agreement rather than wait for a trial and incur additional attorney's fees. Husband did not believe the agreement was a just and right division of the marital estate, but he entered into it to resolve the

divorce that day. The judge informed Husband that he was "absolutely entitled to a trial" and that his "back [was] not up against the wall" because he had other choices. Husband asked the court to approve the agreement.

On questions from Husband's counsel, Wife confirmed the terms of the parties' agreement and asked the court to grant the divorce.

At the conclusion of the evidence, the trial court orally approved the parties' agreement and stated the divorce would be granted when he signed the final decree. He asked Husband's counsel to put the agreement into writing and submit it to the court.

In the time between the trial and the signing of a judgment, Husband's counsel moved to withdraw and the trial court granted the motion. Also, Husband wrote to the judge asking for a different division of the community property. Then, on June 22, 2023, Husband filed a motion for new trial asking the trial judge to set aside the judgment due to duress. He asserted Wife made false accusations against him on the morning of trial and threatened him with felony assault charges if she did not get her desired outcome.

Four months after trial, on July 21, 2023, the trial court signed the final decree of divorce. The decree recites the trial court found that to resolve all divorce issues on March 15, 2023, without further delay or expense, the parties entered into a final agreement that was read into the record, agreed to by the parties, and approved by the court. The court granted the divorce and divided the community estate in

accordance with the parties' agreement. Husband's motion for new trial was overruled by operation of law. This appeal followed.[1]

## Applicable Law

To promote amicable settlement of disputes in a suit for divorce, the spouses may enter into a written agreement concerning the division of the property and the liabilities of the spouses. TEX. FAM. CODE ANN. § 7.006(a). The agreement may be revised or repudiated before rendition of the divorce unless the agreement is binding under another rule of law. *Id.*; *see Pohla v. Pohla*, No. 09-09-00023-CV, 2010 WL 877555, at *3 (Tex. App.—Beaumont Mar. 11, 2010, pet. denied) (mem. op.). If the trial court finds that the terms of the written agreement are just and right, those terms are binding on the court. TEX. FAM. CODE ANN. § 7.006(b). If the court approves the agreement, the court may set forth the agreement in full or incorporate the agreement by reference in the final decree. *Id.* An oral agreement that is read into the record in open court satisfies the family code's requirement of a written agreement. *McLendon v. McLendon*, 847 S.W.2d 601, 608 (Tex. App.—Dallas 1992, writ denied) (discussing section 3.631, the predecessor to section 7.006); *Zavala v. Zavala*, No. 14-06-0081-CV, 2007 WL 1558732, at *3 (Tex. App.—Houston [14th Dist.] May 31, 2007, no pet.) (mem. op.). A marital property settlement agreement

---

[1] This Court dismissed a previous appeal for want for jurisdiction because Husband filed a notice of appeal before the judgment was signed. *Norman v. Norman*, No. 05-23-00345-CV, 2023 WL 4101433 (Tex. App.—Dallas June 21, 2023, no pet.) (mem. op.).

incorporated into a final divorce decree is governed by the law of contracts. *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984).

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). It would be inappropriate for an appellate court to attempt to redraft and articulate what it believes an appellant intended to raise as error on appeal. *Berardinelli v. Pickels*, No. 05-12-01390-CV, 2014 WL 6560029, at *2 (Tex. App.—Dallas Oct. 23, 2014, no pet.) (mem. op.). We are not required to make arguments for pro se litigants. *$4,310 in U.S. Currency v. State*, 133 S.W.3d 828, 829 (Tex. App.—Dallas 2004, no pet.).

In addition, the appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1. Husband's brief contains a great deal of information that is outside the record. Attached to the brief is an appendix that contains items, such as text messages and photographs, which were not offered or admitted into evidence at trial. Husband often cites to the appendix as support for statements in the body of his brief. This Court cannot consider documents in an appendix that are not formally included in the record on appeal. *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied).

## Ineffective Assistance of Counsel

In his first issue, Husband contends he received ineffective assistance of counsel from the attorney who represented him at trial. As a general rule, the doctrine of ineffective assistance of counsel does not extend to civil cases. *In re Marriage of Johnson*, No. 05-20-00517-CV, 2022 WL 123106, at *6 (Tex. App.—Dallas Jan. 13, 2022, no pet.) (mem. op.). While there are exceptions, divorce proceedings are not one of them. *Id.* at *6 n.8. We overrule Husband's first issue.

## Division of the Community Estate

In his second issue, Husband contends the trial court abused its discretion in dividing the community property. He argues Wife got a disproportionate share, the value of which exceeded the value of the community estate. He also asserts it was unjust and unreasonable to require him to obtain a loan against his separate property to generate cash to pay her.

In making his argument, Husband does not address the fact that the trial court did not determine how to divide the community estate or determine that he should take out a loan to pay Wife. The trial court rendered judgment on terms contained in the parties' settlement agreement as read into the record at the prove-up hearing. Husband does not contend the property division in the divorce decree differs from the settlement agreement. *See Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) (consent judgment must be in strict compliance with terms of settlement agreement); *Swaab v. Swaab*, 282 S.W.3d 519, 528–29 (Tex. App.—Houston [14th Dist.] 2008,

pet. dism'd w.o.j.). Although Husband's motion for new trial alleged he was under duress when he consented to the settlement agreement, he does not raise an issue about the trial court's failure to grant his motion. *See Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 n.1 (Tex. App.—Dallas 2008, no pet.). Nor does he make any argument about repudiation of the settlement agreement. *See Swaab*, 282 S.W.3d at 529. His argument on appeal is that the trial court erred in awarding a disproportionate share of the community estate to Wife and in requiring him to obtain a loan. Because the trial court did not determine the terms of the parties' marital property settlement agreement, the issue Husband presents is not a valid basis for reversal of the agreed decree. *See Suday v. Suday*, No. 04-19-00832-CV, 2020 WL 6928447, at *6 (Tex. App.—San Antonio Nov. 25, 2020, no pet.) (mem. op.) (complaint about trial court's failure to divide certain property failed where parties reached agreement about property division and court did not divide property at all). We overrule Husband's second issue.

Finally, Husband asks this Court to sanction Wife for perjury. He contends she made false statements in her motion for continuance and during trial about her financial status and legal representation that affected the court's willingness to grant a continuance. Husband has not cited any law for the proposition that an appellate court has authority to impose sanctions for perjury in the trial court. Further, there is nothing in the record to demonstrate that Wife committed perjury. To show the

falsity of Wife's statements, Husband cites to documents in his appendix that are outside the record. We deny his request for sanctions.

We affirm the final decree of divorce.

/Amanda L. Reichek/

AMANDA L. REICHEK
230831F.P05                                    JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GREGORY EUGENE NORMAN,
Appellant

No. 05-23-00831-CV     V.

BRITTNEY LASHEA NORMAN,
Appellee

On Appeal from the 382nd Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 1-22-1285.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BRITTNEY LASHEA NORMAN recover her costs of this appeal from appellant GREGORY EUGENE NORMAN.

Judgment entered this 5th day of June 2024.